**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

CHAD ANTHONY LOUIS FOWLER
ADC #656153                                                                                    PLAINTIFF

v.                                         3:24-cv-00030-LPR-JJV

AUNDREA CULCLAGER, Deputy Director,
Arkansas Department of Correction; *et al.*                              DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Chad Anthony Louis Fowler ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC").   In February 2024, he filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.  (Doc. 2.)  Soon thereafter, I issued an Order pointing out several pleading deficiencies, giving him the opportunity to amend his complaint to cure them, and cautioning him that an amended complaint would render his prior one without legal effect.  (Doc. 4.)  Since then, Plaintiff has filed an Amended Complaint that is difficult to decipher. (Doc. 5.) Pursuant to my instructions that Amended Complaint is the operative pleading, which I will now

1

screen pursuant to 28 U.S.C. § 1915A.[1]

Plaintiff alleges since he arrived at the Grimes Unit he has received constitutionally inadequate medical care for a hernia, and his assignment to a top bunk has worsened that condition. (Doc. 5.)  Plaintiff says he has been defamed in an unclear manner.   The Defendants are Deputy Director Aundrea Culclager, Dr. Smith, and Nurse Ashley Wells, who have been sued in their official capacities only.   Plaintiff seeks monetary damages as well as injunctive relief.   After careful consideration, I conclude Plaintiff has failed to a plead plausible claim for relief for the following reasons.

First, as I previously explained to Plaintiff (Doc. 4), the doctrine of sovereign immunity precludes the recovery of monetary damages from state officials acting in their official capacities, unless the state has waived its immunity.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).   Defendants are state officials. And the State of Arkansas has not waived its Eleventh Amendment immunity.   *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991).   Thus, sovereign immunity prevents Plaintiff from obtaining monetary damages from them in their official capacities.    In contrast, sovereign immunity does not bar Plaintiff's request for injunctive relief.   *McDaniel v. Precythe*, 897 F.3d 946, 951-52 (8th Cir. 2018).   But to proceed with an official capacity claim, there must be facts suggesting Defendants acted pursuant to an unlawful ADC policy or practice.   *See Hood v. Norris*, No. 04-3854, 2006 WL 1913430 (8th Cir. Jul. 12, 2006) ("to establish liability in official-capacity suit

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

under § 1983, plaintiff must show, inter alia, that official named in suit took action pursuant to unconstitutional governmental policy or custom") (internal citation omitted); *Jackson v. Buckman*, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) (absent an underlying constitutional violation, official-capacity claims " necessarily fail").  Because the Amended Complaint does not contain any such facts, I conclude it does not state a plausible official capacity claim.

Further, even if Plaintiff had named Defendants in their individual capacities, to proceed he would have to provide facts suggesting each Defendant, through his or her own individual actions, was subjectively aware of but deliberately indifferent to his objectively serious medical needs.  *See Iqbal,* 556 U.S. at 676;  *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021). The Amended Complaint does not contain any such facts.

Finally, to plead a plausible defamation claim under Arkansas law there must be facts suggesting: (1) the defamatory nature of the statement at issue; (2) reference to the plaintiff in the statement; (3) publication of the statement by the defendant; (4) the defendant's fault in publishing the statement; (5) the statement's falsity; and (6) damages.  *Watkins v. Ark. Dep't of Agric.*, 560 S.W.3d 814, 823 (Ark. App. 2018).  Plaintiff says, without any further explanation, "the defamation lays in Alan Roger's pointing out scandalizing tactics in insubordinate actions to refer medical concerns as if they were mental health issues."  (Doc. 5 at 6.)  That confusing and conclusory statement does not satisfy the essential elements.  Thus, I find no plausible defamation claim.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Amended Complaint (Doc. 5) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.      The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 4th day of April 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE